UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA L. WOODS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), et al.,<br><br>Defendants. | No. 2:17-cv-0793 TLN AC PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). On October 24, 2017, the court held a hearing on defendants' Motions to Dismiss, ECF Nos. 21, 23, and plaintiff's Motion to Disqualify, ECF No. 34. Patricia L. Woods appeared on behalf of herself. William Downer appeared on behalf of defendants California Department of Corrections and Rehabilitations, Robert Storms, and Larry Norris (collectively "CDCR") and J. Felix De La Torre appeared on behalf of defendants Public Employment Relations Board, Eileen Potter, and Wendi Ross (collectively "PERB"). For the reasons that follow, the plaintiff's motion to disqualify is DENIED and the undersigned recommends defendants' motions to dismiss be GRANTED.

////

////

////

1

**I. BACKGROUND**

This action was commenced on April 14, 2017. ECF No. 1. The case proceeds on the First Amended Complaint ("Complaint"), ECF No. 6. Plaintiff alleges she was wrongfully terminated from her employment with California Department of Corrections and Rehabilitation ("CDCR") based on her race, and was subjected to a hostile work environment and retaliatory actions for obtaining union representation regarding her employment termination. ECF No. 1 at 5, ¶¶ 16-17. Plaintiff alleges the following causes of action: (1) violations of 42 U.S.C. § 1981; (2) violations of 42 U.S.C. §§ 1985(3), 1986; (3) breach of contract; and (4) violations under the Ralph C. Dills Act (Cal. Gov't Code § 3512 et seq.).[1]

According to plaintiff, she was appointed as an Associate Governmental Program Analyst in the Crisis Placement Unit of CDCR's division of Adult Parole Operations on September 10, 2007. Id. at 9, ¶ 42. The new classification required plaintiff to serve a six-month probationary period. Id. at 10, ¶ 44. Plaintiff alleges she did not receive a periodic written performance or probationary reports before being terminated, as required by law. Id. She claims probationary reports were not issued by her immediate supervisors, defendants Norris and Storms, who are both white, due her being the only African-American female employee in the unit. Id. at ¶ 45. All white employees working in the same unit were issued their required probationary reports. Id. at 10-11, ¶ 46. Plaintiff contends her probation was rejected due to her race and because she involved union representatives in communications with her managers. Id. at 10, ¶44. Plaintiff alleges that defendant Norris reprimanded her for seeking assistance from her union representative regarding an increase, without prior notice, in her duties and functions. Id. at 11, ¶ 48; 34-37 (Exhibit 3). On November 27, 2007, plaintiff's probation was rejected and her employment terminated. Id. at 11, ¶ 49. At the time, plaintiff had close to eleven years of employment service with the state of California. Id. at 10, ¶ 43.

On December 5, 2007, CDCR conducted a "Skelly Hearing" to determine whether

---
[1] The Complaint alludes to violations of the 14th Amendment guarantees of due process and equal protection, ECF No. 6 at 4, ¶ 14, but fails to specify such a cause of action. At the hearing, plaintiff sought leave to amend her complaint in order to state such a claim. The court addresses below whether leave to amend is appropriate.

plaintiff's termination was lawful. Id. at 12, ¶ 54. On December 6, 2007, a recommendation was issued by the Skelly Hearing Officer to the Director of the Division of Adult Parole Operations seeking clarification on various issues and withdrawal of the "rejection during probation" pending clarification. Id. On December 27, 2007, plaintiff filed an unfair practice charge and complaint with the California Public Employment Relations Board ("PERB") alleging a violation of the Ralph C. Dills Act (Cal. Gov't Code § 3512 et seq.). Id. at 12, ¶ 57; 17, ¶ 83. On August 24, 2009, the Administrative Law Judge issued a proposed decision dismissing the complaint, and on October 12, 2010, PERB issued its decision affirming the decision and dismissing plaintiff's complaint. Id. at 17, ¶¶ 87, 89. On January 27, 2011, PERB issued its denial of plaintiff's request for reconsideration of its decision. Id. at 18, ¶ 90.

Plaintiff appealed to the California Third District Court of Appeal on February 17, 2012, which denied the petition for writ of review on September 20, 2012. ECF No. 43 (RJN), Exhs. 1-2. Plaintiff sought review in the California Supreme Court, which was denied on November 12, 2012. ECF No. 6 at 17, ¶¶ 93-94. On February 19, 2013 plaintiff filed a petition for writ of certiorari with the United States Supreme Court, which was denied on April 22, 2013. Id. at ¶¶ 95, 97. A request for reconsideration was denied by the Supreme Court on June 17, 2013. ECF No. 6, Exh. 8.

On October 24, 2016, plaintiff filed a notice with the California Department of General Services, Government Claims Program. The claim was denied as untimely on December 30, 2016. ECF No. 6 at 3, ¶¶ 9-10.

## II. MOTION TO DISQUALIFY

Plaintiff moves to disqualify attorney J. Felix De La Torre ("De La Torre"), counsel for PERB defendants, based on an alleged conflict of interest. Plaintiff asserts that De La Torre is serving as "both attorney-of-record at the SEIU Local 1000 ("SEIU") office before the State of California and the PERB's Defendants', while at the same time serving as General Counsel and the attorney-of-record for the PERB's Defendants' at his current employment with" PERB. ECF No. 34 at 4. Plaintiff alleges this simultaneous representation disqualifies De La Torre from representing PERB in the current proceedings.

3

A. <u>Legal Standards</u>

The Eastern District has adopted the State Bar of California's Rules of Professional Conduct and applicable court decisions, as its own standard of professional conduct. <u>See</u> E.D. Cal. L. R. 180(e). Accordingly, California law applies in this matter. <u>In re Cty. of Los Angeles</u>, 223 F.3d 990, 995 (9th Cir. 2000) (motions for disqualification apply state law). California Rule of Professional Conduct 3-310[2] provides, in pertinent part, that:

> (C) A member shall not, without the informed written consent of each client:
>
> (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or
>
> (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or
>
> (3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.
>
> …
>
> (E) A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

Cal. R. Prof'l Conduct 3-310(C), (E).

Disqualification of an attorney lies within the sound discretion of the district courts. <u>Gas-A-Tron of Arizona v. Union Oil Co. of California</u>, 534 F.2d 1322, 1325 (9th Cir. 1976). "Because disqualification is a drastic measure, it is generally disfavored and should only be imposed when absolutely necessary." <u>Concat LP v. Unilever, PLC</u>, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004) (citations omitted). Motions for disqualification "should be subjected to 'particularly strict judicial scrutiny.'" <u>Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.</u>, 760 F.2d 1045, 1050 (9th Cir. 1985) (citations omitted).

---

[2] Plaintiff cites to California Rule of Professional Conduct 5-102 which has be subsequently re-numbered as Rule 3-310. <u>See</u> The State Bar of California, *Previous Rules of Professional Conduct*, http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct/Previous-Rules (last visited by the court Feb. 8, 2018).

B. <u>Analysis</u>

It is undisputed that attorney De La Torre worked for SEIU before he became the General Counsel of PERB. Having considered the submissions of the parties and the representations made at hearing on the motion,[3] the court finds that De La Torre was never simultaneously employed by SEIU and PERB, and that there is no conflict.

In the opposition and attached declaration, De La Torre declares he never met Woods during his employment with SEIU and did not "represent her in any capacity." <u>See</u> ECF Nos. 36 at 4; 36-1 at ¶ 3 ("De La Torre Decl."). Moreover, during his employment with SEIU no information, documents, or material concerning plaintiff was ever shared with him. De La Torre Decl. ¶ 4. Further, De La Torre declares that he "has not provided any legal services or representation for any person or entity on behalf" of SEIU since his resignation from employment at SEIU. <u>Id.</u> at ¶ 7. His resignation from SEIU was effective on March 8, 2015, and he began work at PERB on March 9, 2015. Defendants assert that plaintiff's mistaken belief in a conflict arises from "an error that was caused when De La Torre did not update his CM/ECF account" from SEIU's mailing address to PERB's before filing the motion to dismiss. ECF No. 36 at 3-4, fn. 2. At hearing, plaintiff confirmed that her allegation of simultaneous and conflicting representation was based exclusively on the fact that the docket for this case initially provided an SEIU work address for De La Torre.

Defendants have established that there was no simultaneous employment. Plaintiff has failed to demonstrate any relationship between De La Torre's previous employment at SEIU and the current litigation. De La Torre's declaration sufficiently establishes that his previous employment does not create a conflict necessitating disqualification. Accordingly, plaintiff's motion to disqualify will be denied.

---

[3] The court takes judicial notice of the documents submitted by defendants in opposition. ECF No. 36-1, Request for Judicial Notice ("RJN"), Exhs. 1, 2. <u>See</u> Fed. R. Evid. 201; <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir.1992) ( "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks omitted).

5

**III. MOTIONS TO DISMISS**

PERB and CDCR defendants (collectively referred herein as "defendants") contend that the Complaint must be dismissed because plaintiff's federal law claims are barred by the applicable statute of limitations and plaintiff's state law claims are barred by the California Tort Claims Act. The court agrees.[4]

A. <u>Standards Under Federal Rule of Civil Procedure 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. <u>Id.</u> (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citing <u>Twombly</u>, 550 U.S. at 555–56), construe those allegations in the light most favorable to the plaintiff, <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th Cir.

---

[4] Accordingly, the court will not address defendants' alternative arguments for dismissal.

2010) (citing Twombly, 550 U.S. 544), cert. denied, 131 S. Ct. 3055 (2011), and resolve all doubts in the plaintiffs' favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)). The court need not accept as true, legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011).

These same standards apply where, as here, defendant moves to dismiss based upon an affirmative defense of untimeliness.[5]

> Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint. If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper.

ASARCO, LLC v. Union Pacific R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citations omitted); see also, Jones v. Bock, 549 U.S. 199, 215 (2007) ( "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground"). A complaint may not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim. Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206–07 (9th Cir. 1995).

B. Requests For Judicial Notice

1. Defendants' Requests

The CDCR defendants seek judicial notice of PERB's Decision No. 2136 and Proposed Decision, PERB Case No. SA-CE-1640-S (PERB Decision). ECF No. 23-1, Request for Judicial

---
[5] See Fed. R. Civ. P. 8(c)(1) (identifying affirmative defenses, including statute of limitations).

Notice ("RJN"), Exh. 1. The court finds the documents suitable for judicial notice as matters of public record outside the pleadings. See Fed. R. Evid. 201(b); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992). The request for judicial notice of these documents will therefore be granted.

### 2. Plaintiff's Requests

Plaintiff seeks judicial notice of a total of 26 exhibits, contained in four volumes. ECF Nos. 40-43. The majority of these documents have arguable relevance to the merits of the employment dispute, but are irrelevant to the timeliness and other procedural issues presented by defendant's motions. Other exhibits consist of judicial opinions, regulations, and statutes, judicial notice of which is unnecessary. The court will take judicial notice only of those materials documenting the course of formal administrative and judicial review of plaintiff's discrimination claims: Vol. II (ECF No. 41), Exh. 8 & 9; and Vol. IV (ECF No. 43), Exh. 1-4. Plaintiff's requests for judicial notice are otherwise denied.

## C. Analysis

### 1. Timeliness Of Plaintiff's Federal Claims

Plaintiff filed this lawsuit almost 9½ years after she was fired by the CDCR defendants and 6½ years after PERB upheld her termination. Under any of the statutes of limitations applicable to plaintiff's various claims, her case is brought too late to be considered by this court.

#### a. Contract Claim under 42 U.S.C. § 1981

42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981 prohibits discrimination based on race only. Manatt v. Bank of America, 339 F.3d 792, 798 (9th Cir.2003). It does not prohibit discrimination based on sex. See id. The statute of limitations for a § 1981 claim of hostile work environment and wrongful termination is governed by the federal "catch all" four year statute of limitations. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382-384 (2004) (citing 28 U.S.C. § 1658(a)).

Plaintiff alleges that PERB's Administrative Law Judge erred in her decision by failing to

adhere to plaintiff's collective bargaining agreement and "failed to protect, and violated, plaintiff's rights to enter into contracts, and to maintain employment, to the same extent as a White citizen." ECF No. 6 at 13-14, ¶¶ 58-68. Assuming arguendo that this claim accrued as to all defendants when the termination became final, upon PERB's October 12, 2010 decision affirming it,[6] plaintiff had until October 12, 2014 to bring a timely cause of action pursuant to § 1981. This lawsuit was filed approximately 2½ years after expiration of that deadline.

Plaintiff seeks equitable tolling on grounds she was required to exhaust her administrative remedies prior to pursing a claim in this court, and then "forced to appeal her administrative decisions directly to the California Third Appellate Court, California Supreme Court, and then on to the U.S. Supreme Court." ECF No. 6 at 7, ¶ 27. However, "the pendency of a grievance or some other method of collateral review" does not toll the statute of limitations period for a § 1981 claim. Delaware State Coll. v. Ricks, 449 U.S. 250, 261 (1980) (citing Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229 (1976)).

The accrual date adopted here by the court fully accounts for administrative review. Plaintiff's further efforts to obtain relief in the California Court of Appeal and U.S. Supreme Court were not prerequisites to a federal suit. Plaintiff has identified no authority for the proposition that her initial choice of a state forum for judicial review extends the limitations period for subsequently-brought federal claims. Accordingly, plaintiffs' § 1981 claim is barred by the statute of limitations and should be dismissed.

b. Conspiracy Claim under 42 U.S.C. § 1985(3)

42 U.S.C. § 1985(3) prohibits conspiracies to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" [T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Claims under § 1985(3) are governed by the state personal injury statute of limitations. Taylor v. Regents of

---

[6] The CDCR defendants argue that the claim against them accrued when plaintiff's employment was terminated on November 27, 2007. Even giving plaintiff the benefit of a later accrual date, the claim is untimely.

University of California, 993 F.2d 710, 711 (9th Cir. 1993). Accordingly, plaintiff's § 1985(3) claim is subject to the two year statute of limitations prescribed by Cal. Civ. Proc. Code § 335.1. "When federal courts borrow a state statute of limitations, they also apply the state's tolling law if it is not inconsistent with federal law." Retail Clerks Union Local 648, AFL-CIO v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983) (citing Board of Regents v. Tomanio, 446 U.S. 478, 485–86 (1980)). However, federal law determines when a claim accrues. Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (citing Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004)). In the employment context, "the claim accrues upon awareness of the actual injury, i.e., the adverse employment action, and not when the plaintiff suspects a legal wrong." Lukovsky, 535 F.3d at 1049 (citing various sister circuits for the proposition that notice of the employer's adverse action, not notice of a discriminatory effect or motivation, triggers the statute of limitation period).

Plaintiff alleges that defendants "formed a meeting of the minds and entered just such conspiracies against Plaintiff; with an intent to deprive her of equal protection of the laws or of equal privileges under the laws, on the insidious basis of Plaintiff's race, causing her injury." ECF No. 6 at 20, ¶ 106. Plaintiff contends the conspiracies occurred when defendants Norris and Storms "terminat[ed] Plaintiff's probationary employment without prior deliverance of the legally mandated written performance evaluations and in contravention to her collective bargaining rights," and when defendants Ross and Potter conspired "to cause PERB administrative decisions adverse to Plaintiff to be made, by means of Plaintiff's case being reviewed at PERB by a staff attorney who had previously as a staff attorney at DPA[.]" Id. at 20-21, ¶ 106.

Because the aims of the alleged conspiracies were plaintiff's termination by CDCR on November 27, 2007 and the final PERB denial on January 27, 2011, the claims accrued on those dates. Plaintiff thus had until November 27, 2009 to bring a timely cause of action against the CDCR defendants and until January 27, 2013 to bring a timely cause of action against the PERB defendants. Even if plaintiff had clearly alleged a single conspiracy between the CDCR and PERB defendants, the accrual date could not be later than January 27, 2011. The conspiracy claims are therefore untimely.

10

The FAC alleges that plaintiff first discovered facts related to the existence of the conspiracy, which had been previously concealed from her, on or about August 30, 2012. Id. at 16, ¶ 77. Even if plaintiff made a showing sufficient to establish this 'discovery" as the accrual date for a conspiracy claim, the two-year limitations period would have elapsed years before the federal complaint was filed.

Plaintiff seeks equitable tolling on grounds of other "new evidence" that previously had been concealed from her. Specifically, plaintiff alleges that the PERB Administrative law judge was "married to a certain attorney" who represented "union clients whose contract matters are subject to adjudication before the ALJ" and who also "sits on PERB's mediation panels." The FAC asserts this relationship resulted in a conflict of interest and caused the adverse outcome of her administrative proceedings with PERB. Id. at 21, ¶ 107. In opposition to the motions to dismiss, plaintiff explains that she learned the details of this purported conflict in July of 2016. ECF No. 38 at 27-28.

"Equitable tolling focuses on whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." Lukovsky, 535 F.3d at 1051 (quoting Johnson v. Henderson, 314 F.3d 409 (9th Cir. 2002)) (internal quotation marks omitted). To establish excusable delay, "a plaintiff must prove the following elements: fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." Federal Election Com'n v. Williams, 104 F.3d 237, 240–41 (9th Cir. 1996).

Plaintiff's proffered "new evidence" regarding an alleged conflict of interest does not constitute the basis of her conspiracy claim or any other cognizable claim, so it cannot support equitable tolling. Even if the evidence were relevant to the existence of a conspiracy, which the undersigned doubts, it would be evidence of a claim that was already known to plaintiff at the time it was discovered. Plaintiff's litigation of her termination in the California Court of Appeal

11

establishes beyond debate that she was aware in 2011 and 2012 of the existence of her claims involving "PERB's wrongdoings" and alleged collusion among various defendants. See ECF No. 6 at 18, ¶ 92. She has acknowledged discovering the alleged collusion between CDCR and PERB defendants in August of 2012. Id. at 16, ¶ 77. Because the essential facts underlying plaintiff's conspiracy claim were known to her during the limitations period, and tolling is not applicable.

### c. Conspiracy Claims under 42 U.S.C. § 1986

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Section 1986 provides an express statute of limitations, providing a commencement period of "one year after the cause of action has accrued." "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." Id. at 626 (citing Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985)). Because plaintiff is barred from bringing a claim under § 1985, her § 1986 claim should be dismissed as well.

### 2. State Law Claims Barred Pursuant to California Tort Claims Act

Before a person may seek money damages against a public entity for personal injury, the California Tort Claims Act requires presentation of a timely written claim for damages to the entity. See Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). When defendants are public employees, the plaintiff must also submit a written claim to the public entity that employs them. Cal. Gov. Code §§ 945.4, 950.2. The claim must be filed within six months of the accrual of the cause of action. Cal. Gov. Code § 911.2(a). Presentation of a written claim, and action on the claim, are conditions precedent to suit. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004); Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 209 (2007). Compliance with the Tort Claims Act is an element of the cause of action, Bodde, 32 Cal. 4th at 1240, and therefore "failure to file a claim is fatal to a cause of action," Hacienda La Puente Unified Sch. Dist. of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992); City of Stockton v. Super. Ct., 42 Cal.4th 730,738 (2007).

Plaintiff's state law claims include breach of contract and a violation of the Ralph C. Dills

Act, arising from her termination and the consideration of her case by the PERB. She filed her claim with the Government Claims Program on October 24, 2016, and it was denied as untimely pursuant to Cal. Gov. Code § 911.2. ECF No. 6, Exh. 2. Because plaintiff failed to satisfy the mandatory six month filing deadline for compliance with the California Tort Claims Act, her breach of contract and Dills Act claims should be dismissed. Alternatively, the court should decline to exercise supplemental jurisdiction over the state law claims in light of the untimeliness of plaintiff's federal claims. Defendants' several other grounds for dismissal need not be addressed.

## IV. LEAVE TO AMEND

Rule 15 of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires." The undersigned has carefully considered whether plaintiff should be permitted an opportunity to amend the claims asserted in her complaint. Despite the Ninth Circuit's general policy of extreme liberality regarding amendment, district courts are only required to grant leave to amend if a complaint can possible be saved. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." Id. Where a pleading cannot be cured by the allegation of additional facts, leave to amend need not be provided. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). Amendment in this case could not affect application of the statute of limitations or the California Tort Claims Act requirements.

At hearing on the motions to dismiss, plaintiff requested an opportunity to amend in order to present a cause of action under 42 U.S.C § 1983 for violation of her equal protection rights. Such a claim, like plaintiff's other claims, arises from her termination and the ensuing PERB proceedings. Accordingly, it would be time-barred for the same reasons that plaintiff's other federal claims are time-barred. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (§ 1983 claims are subject to California's two year statute of limitations for personal injury actions). "Because any amendment would be futile, there [is] no need to prolong the litigation by permitting further amendment." Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002). Accordingly, the undersigned concludes that the complaint in its entirety should be

dismissed without leave to amend.

## V.  CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify (ECF No. 34) is DENIED.

IT IS HEREBY RECOMMENDED that defendants' Motions to Dismiss (ECF Nos. 21, 23) be GRANTED and the First Amended Complaint be DISMISSED with prejudice as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 26, 2018

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE